IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 1:14cr401-MHT |
| | ) | (WO) |
| KAMARIAN D. MILLENDER | ) | |

OPINION

Defendant Kamarian D. Millender is charged in a one-count information with aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1), 1028A(c)(5), and 2. Millender entered a guilty plea before a magistrate judge. However, three days before sentencing, the court received a letter written by Millender pro se, informing the court that he had fired his retained counsel and wished to withdraw his guilty plea. The court construed the letter as a motion to withdraw guilty plea pursuant to Federal Rule of Criminal Procedure 11(d), and that motion is now before the court. For the reasons that follow, Millender's motion to withdraw his guilty plea will be denied.

## I.   BACKGROUND

Millender is charged in a felony information with knowingly transferring, possessing, and using the means of identification of another to file a false federal income tax return and fraudulently to claim a tax refund.   Millender and the government entered into a plea agreement that provides that, in exchange for pleading guilty to the felony information, he would serve a mandatory two years imprisonment for the charge and would be responsible for restitution in an amount that included all loss suffered from his conduct, and not just the loss related to the count of conviction.

About three weeks after Millender signed the plea agreement, he appeared before a magistrate judge.   At that hearing, Millender consented to have the magistrate judge conduct his plea proceedings under the procedures outlined in Federal Rule of Criminal Procedure 11(b), and the magistrate judge accepted his guilty plea and adjudicated him guilty.   Sentencing was set before this court for about three months later.

Three days before sentencing, the court received a pro se letter in the mail from Millender.  In this letter, Millender explained that he was no longer represented by the attorney who had negotiated his plea deal and that he wanted to withdraw his guilty plea. At the sentencing hearing, the court heard from Millender and his former attorney.  The court allowed the attorney to withdraw and appointed new counsel to represent Millender.  The court then held a later hearing, with Millender's new attorney representing him, on Millender's withdrawal-of-guilty-plea motion. The sentencing of Millender has been continued pending resolution of the withdrawal motion.

## II. DISCUSSION

Federal Rule of Criminal Procedure 11(d) states, in relevant part, that, "A defendant may withdraw a plea of guilty... (1) before the court accepts the plea, for any reason or no reason; or (2) after the court accepts the plea, but before it imposes the sentence if... (B)

the defendant can show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d). Millender does not contend that the magistrate judge did not properly accept his plea. Therefore, the situation before the court is that outlined in Rule 11(d)(2)(B): The court may allow Millender to withdraw his plea if he shows a "fair and just reason for requesting the withdrawal." Millender has failed to present a "fair and just reason" for withdrawal.

"[A] defendant enjoys no absolute right to withdraw a guilty plea before sentencing," though "pre-sentence motions to withdraw should be liberally construed." United States v. McCarty, 99 F.3d 383, 385 (11th Cir. 1996). "The decision to allow withdrawal is left to the sound discretion of the trial court." United States v. Buckles, 843 F.2d 469, 471 (11th Cir. 1988). To determine whether the defendant has shown a fair and just reason for withdrawal, the court should evaluate the "totality of the circumstances surrounding the plea." Id. at 471-472. "Factors analyzed include (1)

whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea.  The good faith, credibility and weight of a defendant's assertions in support of a motion [to withdraw] are issues for the trial court to decide." Id. at 472 (internal citations omitted); see also United States v. Brehm, 442 F.3d 1291 (11th Cir. 2006) (applying Buckles); United States v. Gonzalez-Mercado, 808 F.2d 796 (11th Cir. 1987) (holding that, when a defendant "received close and adequate assistance of counsel and entered his plea knowingly and voluntarily," the court need not give considerable weight to the other factors).

In his letter to the court and in subsequent testimony, Millender argued that his former counsel provided ineffective assistance and that this ineffectiveness provides a sufficient basis for

withdrawal of his plea.[1]  Specifically, Millender makes

two arguments: first, that his attorney did not

properly investigate his case; and, second, that his

attorney misled him regarding the terms of his plea so

that he did not knowingly agree to certain provisions

contained within the plea agreement. Millender's

argument essentially tracks the first two factors of

the Buckles "totality of the circumstances" test:

whether close assistance of counsel was available; and

whether the plea was knowing and voluntary.

In regards to the first factor, Millender argues

that, while he discussed possibly filing a motion to

---

1. The court heard extensive testimony from both Millender and his former counsel regarding: their communications; whether Millender received close assistance of counsel; the extent of Millender's knowledge of the plea agreement; and the circumstances surrounding the negotiations. Because Millender raised his attorney's advice as a defense and then voluntarily testified about his communications with his attorney, the court found at the hearing that Millender both implicitly and expressly waived attorney-client privilege. This waiver extended to "any information directly related to that which was actually disclosed." United States v. Davis, 583 F.3d 1081, 1090 (8th Cir. 2009) (citing 8 Charles A Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2016.2).

suppress with his attorney, his attorney counseled him to take a plea, instead of fighting the case, because "it would be easier and quicker" that way.   Pro Se Motion to Withdraw Guilty Plea (doc. no. 16), at 1. His former attorney responds that he did not review certain evidence surrounding the search, arrest, and confession with Millender prior to negotiating the plea because Millender told him that "he didn't want to fight that and risk getting more time."   [Transcript 108:7-17].   Neither Millender nor his attorney disputes that, during the course of the representation, they discussed other charges that could have been brought if Millender decided to fight the evidence.   Millender was also aware that, if those other charges were brought, he would have been exposed to a significantly longer sentence.   Millender's decision to enter into the plea bargain to prevent other charges from being brought was a strategic one, reflecting that he was not willing to take the gamble of a significantly longer sentence.

A guilty plea "does not relieve counsel of the responsibility to investigate potential defenses so that the defendant can make an informed decision." McCoy v. Wainwright, 804 F.2d 1196, 1198 (11th Cir. 1986).   Therefore, the court finds it inexcusable if, indeed, Millender's attorney did not fully investigate his client's case, or the circumstances surrounding his client's arrest, prior to advising his client to plead guilty.   However, the court finds that, whether the attorney adequately investigated the circumstances surrounding Millender's arrest, the result would not have altered Millender's decision to plead.   Cf. Hill v. Lockhart, 474 U.S. 52, 59 (1985) ("In order to satisfy the 'prejudice' requirement [of the test for ineffective assistance of counsel], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.").

Millender's motion to withdraw his guilty plea does not express a renewed interest in taking his chances at

trial, nor does it raise a new claim of innocence; instead, Millender wishes to withdraw his plea because he now thinks that his motion to suppress would have gotten him off despite his guilt.  However, first and independently, the court believes that Millender's challenge to his plea and plea agreement merely reflects 'second thoughts,' that is, a change of mind after the fact.  As stated, Millender entered into the plea bargain to prevent other charges from being brought and thus subjecting him to a significantly higher sentence; it was a strategic decision.  The gamble of pursuing the case further, including pursuing a suppression motion, was too great. The court is convinced that, even if his former attorney had more thoroughly researched the suppression issue, Millender would still have entered a guilty plea at the time he did.

Second and independently, Millender incorrectly assesses the viability of his suppression claim. Millender argues that the search that led to his arrest

was coercive and, thus, illegal.   After having heard much of the same evidence that Millender would have presented at a suppression hearing, the court finds that, had the suppression motion been brought before this court, the motion would likely not have been successful.

Millender presented a narrative during the hearing describing the search, which occurred after his car ran out of gas late at night, while he was driving alone on an empty street, and in which he contends that his consent may have been obtained by duress or police coercion.   Yet the court finds that, even under this fact pattern, the evidence obtained from that search would likely not have been suppressed.   Though in most circumstances, police officers must obtain a warrant supported by probable cause to justify a search without consent under the Fourth Amendment, United States v. Magluta, 418 F.3d 1166, 1182 (11th Cir. 2005), there are exceptions to this rule.   One of those exceptions, the "automobile exception," allows "officers [to]

search any container in an operational car without a warrant as long as they have probable cause to believe that the container holds evidence of a crime." Id.; see also California v. Acevedo, 500 U.S. 565, 579-80 (1991)). "Probable cause for a search exists when under the totality of the circumstances there is a fair probability that contraband or evidence of a crime will be found in a particular place." Magluta, 418 F.3d at 1182. (internal citations omitted). In this case, police officers had received information from a confidential informant that a known drug dealer would be waiting in a car of similar description in the area at that time, and a narcotics dog, which the officers had later brought to the scene, gave a positive alert to the car.

Moreover, even if Millender were able to have this evidence suppressed, he subsequently confessed to the crime and assisted the government, producing additional evidence that could carry the government's burden. And the record does not support the conclusion that his

confession and later assistance were suppressable as a result of the search.

Therefore, the court finds no reason to conclude that Millender's decision to plead guilty was not sufficiently voluntary and knowing as a result of his attorney's alleged failure to investigate.

In regards to the second factor, Millender stated that, while he was willing to sign a plea agreement admitting to guilt for aggravated identity theft and agreeing to serve a mandatory two years in prison, he did not agree to the specific sum of restitution.

The court finds that Millender's statements regarding his lack of knowledge of terms within the plea agreements are not credible.  Millender contends that he was provided only the first few pages of his plea agreement to review and that he did not see that the restitution sum, for which he would be held responsible, was $ 18,915.  However, even on a page of the plea agreement that he did acknowledge he reviewed with his attorney, the agreement states that "the

amount of restitution shall include all loss suffered from the Defendant's conduct and not just the loss related to the specific count of conviction."[2]  To the extent that Millender was unsure about what particular sum he would be held responsible for, he should have clarified this with his attorney prior to signing the agreement.  In any event, there is no dispute that he became aware of the sum before he pled guilty in court.

Moreover, the court is convinced from all the evidence that, before Millender entered his guilty plea, he was fully informed, and thus aware, of all the terms of the plea agreement. It is apparent from Millender's filings with the court as well as from his statements in open court that he is well-educated and very attentive to detail. The court has no doubt that he carefully read each and every word of every document presented to him before and during the entry of his

_____

2. Millender argues that there were actually two different versions of the plea agreement and that the version he reviewed with his attorney did not contain this sum. The court has reviewed the two versions and finds that they both contain this sum.

guilty plea.   Also, the court is not convinced that Millender was in any way coerced or misinformed by his attorney or anyone else to enter his guilty plea.

Turning to the remaining two factors of the test, the court finds that neither conserving judicial resources nor prejudice to the government should weigh heavily in this analysis.   The court anticipates that additional litigation could follow regardless of the outcome here: either a motion to suppress and possibly a trial, if the motion is granted; or a post-conviction ineffective assistance of counsel claim, if the motion is denied.   Moreover, Millender entered his plea just four months ago.   The government's cost of prosecution could not have changed in any significant way over such a short period.

                              ***

Therefore, having examined the totality of the circumstances in this case, the court holds that Millender has failed to present a "fair and just reason" for withdrawal of his guilty plea.   The court

will deny his motion to withdraw his guilty plea.  An

appropriate order will be entered.

DONE, this the 8th day of December, 2014.


                         /s/ Myron H. Thompson
                    UNITED STATES DISTRICT JUDGE